IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CLINTON J. MAHONEY, | ) | Case No. 17 B 38099 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date & Time: |
| | ) | March 19, 2019 at 10:00 a.m. |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on March 19, 2019, at 10:00 a.m., I shall appear before the Honorable Timothy A. Barnes, or any other judge sitting in his stead, in Room 744, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtor's Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 26th day of February, 2019.

/s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
Dennis E. Quaid (Atty. ID #2267012)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng, United States Trustee
219 South Dearborn Street
Suite 873
Chicago, Illinois 60604

David J. Fischer
Michael B. Kind
Brian A. Raynor
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois 60606

Timothy M. Hughes
1933 North Meacham Road
Suite 600
Schaumburg, Illinois 60173

**Parties Served Via U.S. Mail**

Clint Mahoney
10725 Maplewood Road
Countryside, Illinois 60525

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CLINTON J. MAHONEY, | ) | Case No. 17 B 38099 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION
AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid of Gregory K. Stern, P.C. (the "Attorneys"), Attorneys for Clinton J. Mahoney, Debtor and Debtor In Possession, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $126,624.00 for 282.60 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs and expenses in the amount of $2,044.35 and authorizing payment of the unpaid balance of allowed final compensation and reimbursement of costs and expenses totaling $35,046.13 and, in support thereof, state as follows:

1.  On December 27, 2017, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of his property, pursuant to §§ 1107 and 1108; and, no trustee has been appointed in this case.

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  In accordance with Bankruptcy Rule 2002, notice of this Final Application has been sent to the Debtor, United States Trustee and all creditors and parties in interest.

4.  On December 27, 2017, the Debtor and the Attorneys entered into an agreement whereby the Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay for professional services rendered in accordance with the Attorneys' hourly

fee schedule in effect from time to time, with all compensation and reimbursement of costs and expenses being subject to further approval of this Court. Prior to filing the Attorneys received a pre-petition minimum fee in the amount of $5,669.80 for professional services to be rendered herein.

5.      The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients. At all times relevant hereto, the Attorneys' hourly services have been billed as follows: Gregory K. Stern and Dennis E. Quaid $475.00, Monica C. O'Brien $450.00 and Rachel S. Sandler $350.00.

6.      On or about January 23, 2018, this Court entered an Order Authorizing Employment of Attorneys authorizing the employment of the Attorneys, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7.      On August 21, 2018, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 106) which is incorporated herein by reference; and, on September 18, 2018, an Order Allowing First Interim Compensation and Reimbursement of Costs and Expenses was entered (Docket No. 125) awarding $89,283.50 to the Attorneys for professional services rendered and reimbursement of costs and expenses of $1,838.72 for the time period of December 27, 2017 through August 20, 2018 and authorizing the Debtor to pay the Attorneys the unpaid balance of allowed interim compensation and reimbursement of costs and expenses in the amount of $85,422.22.

8.      The Attorneys have received payment, in full, of the allowed interim compensation and reimbursement of costs and expenses awarded in the First Application, and on or about February 20, 2019, the Attorneys received payment of attorney fees in the amount of $2,500.00 from the proceeds of sale of the Western Avenue.

9.      The Attorneys have expended an additional 86.20 hours of professional services from

August 21, 2018 through February 25, 2019, as more fully set forth in the Time Sheets attached hereto and made a part hereof.

10. The professional services rendered from August 21, 2018 through February 25, 2019 have been separated into four (4) service categories, which have been separated and identified solely for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of his estate. These service categories and the professional time spent within each category are as follows:

| | SERVICE CATEGORY | HOURS |
|---|---|---|
| A. | General Case Administration | 16.90 |
| B. | Real Property | 31.70 |
| C. | Plan and Disclosure Statement | 26.20 |
| D. | Professionals | 11.40 |
| | **TOTAL:** | **86.20** |

11. The professional services were rendered within the service categories as follows:

A. **General Case Administration**: This service category involved 16.90 hours of services (Time Sheets, pages 1 – 6) that included: **1)** Meetings and communications with Debtor regarding representation of Debtor in Possession, Debtor in Possession operations, operating reports, DIP account management, reinstatement of insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy; impact of divorce on Chapter 11; settlement with Don McNeil; **2)** Meetings and communications with creditors' attorneys and UST's office regarding Chapter 11 case; **3)** Teleconference and communications with Debtor regarding preparation of operating reports; **4)** Representation at meetings with U.S. Trustee and court hearings; **5)** Review of Operating Reports and communications with accountants regarding same; **6)** Communications with accountants regarding books and records; **7)** General case administration matters.

B. **Real Property** - This service category involved 31.70 hours of services (Time Sheets, pages 7 – 13) that included: **1)** Communications with real estate broker regarding marketing properties, listing price periodic reductions, access and inspection of properties, marketing efforts and offers to purchase Hamilton, Ambriance and Western Avenue properties; **2)** Communications with Debtor

regarding marketing properties, listing price reductions, access, inspection and maintenance of properties, marketing efforts and offers to purchase Hamilton, Ambriance and Western Avenue properties; **3)** Reviewing and negotiating 80th Place and Hamilton sale contracts; **4)** Communications with Hamilton and Western Avenue buyers' attorneys relating to attorney review, sale and closing sales of Hamilton and Western Avenue properties, **5)** Order and review title commitment and surveys for Hamilton and Western Avenue properties; **6)** Teleconferences and communications with title company regarding title commitment, orders approving sale, and closing sales of Hamilton and Western Avenue properties; **7)** Communications with Hamilton and Western Avenue buyers' attorneys regarding contract, contract revisions, price reduction, attorney review, title commitments and closings; **8)** Drafting Motion to Sell Western Avenue, Notices, Orders and closing documents and statements; and, **10)** Representation of Debtor at Court hearings and Western Avenue real estate closing.

    C.    **Plan and Disclosure Statement** - This service category involved 26.20 hours of services (Time Sheets, pages 15 – 20) related to the Debtor' Amended Plan of Reorganization and Disclosure Statement, and included the following: **1)** Draft Chapter 11 Amended Plan of Reorganization and Disclosure Statement to accommodate Debtor's comments relating thereto; **2)** Reviewing Debtor's draft of plan of reorganization and communications with Debtor regarding his draft plan of reorganization **3)** Communications with Debtor regarding Plan, Disclosure Statement, restructuring terms for secured creditor, James Mahoney plan, Debtor's release sought, confirmation of James Mahoney Plan, obligations thereunder, consummation of James Mahoney Plan, and miscellaneous matters; **4)** Communications with UST and creditors regarding Plan and Disclosure Statement; **5)** Teleconferences, correspondence and meetings with James Mahoney's attorneys regarding debt restructuring proposals, plan terms, competing plan drafted by James Mahoney, payment of James Mahoney secured claims from Mahoney LP distributions and tax liabilities arising from distributions, Debtor's release and miscellaneous matters; **6)** Communications with Debtor's accountants regarding James Mahoney plan, priority tax claims and repayment, consummation of confirmed Plan of Reorganization, balance in dip accounts, plan obligations and payment distributions

to secured, priority and general unsecured creditors, communications with Associated Bank regarding dip accounts and miscellaneous matters; **7)** Draft updated liquidations analysis; **8)** Representation of Debtor at hearings on confirmation of James Mahoney Plan and status hearings on the confirmed plan.

    D.    **Professionals**: This service category involved 11.40 hours of professional services (Time Sheets, page 21 - 22) that included: **1)** Drafting Notice of Accountants Fee Application, Application to Employ Special Counsel, Supplement to Special Counsel's Application, Affidavit, Notice and Order; **2)** Reviewing and revising Time Sheets August 21, 2018 through February 25, 2019; **3)** Drafting Application for Allowance of Final Compensation, Notice of Motion, Notice, Cover Sheet and Order, **4)** Research retention of special counsel; **5)** Communications with Debtor and accountant regarding employment of Special Counsel, William Cherny, **6)** United States Trustee's office regarding attorneys' fee application and employment of Special Counsel; **7)** Representation at court hearings on Special Counsel, Herman Marino, fee application and employment of Special Counsel, William Cherny.

    11.    All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are clerical in the nature. The Attorneys further stating that there has been no duplication of services by Dennis E. Quaid, Monica C. O'Brien, Rachel S. Sandler or Gregory K. Stern.

    12.    The value of the professional services rendered by the Attorneys to the Debtor, as Debtor In Possession, from December 27, 2017 through August 20, 2018, as more fully set forth in the Time Sheets attached to the First Application, and from August 21, 2018 through February 25, 2019, as more fully set forth in the Time Sheets attached hereto and made a part hereof, and covered by this Final Application is $126,624.00.

    13.    Actual and necessary costs in the amount of $2,044.35 have been expended by the Attorneys as detailed on the Time Sheets attached to the First Application (pages 16 and 23), and the

Time Sheets attached hereto (page 13-14). Costs include but are not limited to filing fees, postage, pacer fees, UCC search fees and copying charges at the rate of ten cents (.10) per copy.

14. The Attorneys anticipate that further professional services will be required to fulfill and implement the Reorganized Debtor's obligations under the confirmed Plan. The Attorneys may supplement the amounts sought herein prior to the scheduled hearing on this Application by filing Supplemental Time Sheets, setting forth professional services rendered after February 25, 2019, on or before hearing on this Application for Allowance of Final Compensation. Professional Services rendered thereafter will be invoiced monthly to the Reorganized Debtor and Margaret Hunn, Plan Disbursing Agent, who will be authorized to disburse payment of the amounts sought without further order of Court.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $126,624.00 for actual and necessary professional services rendered and reimbursement in the amount of $2,044.35 for actual and necessary costs and expenses incurred; authorizing and directing the Debtor to pay the unpaid balance of allowed interim compensation and reimbursement of costs and expenses of $35,046.13 as a priority cost of administration; and, for such other relief as this Court deems just.

By: /s/ Gregory K. Stern
Gregory K. Stern, Debtor's Attorney

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
Dennis E. Quaid (Atty. ID #2267012)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558